UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMILA FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19 CV 02330 RWS |
| | ) | |
| GC SERVICES LIMITED | ) | |
| PARTNERSHIP - DELAWARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Jamila Frazier was employed by GC Services Limited Partnership ("GC Services") from March 2016 to March 2017. In her complaint, Frazier brings claims for sex discrimination, hostile work environment, and race discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq.,

GC Services moves to compel arbitration, arguing that Frazier signed a Mutual Agreement for Dispute Resolution ("Agreement") governing her claims. Frazier argues that the Agreement is not a valid contract because GC Services failed to establish that its signatory had authority to bind the company. Because I find the Agreement to be a valid contract reserving threshold questions of arbitrability for the arbitrator, I will grant GC Services' motion to compel and will dismiss this suit without prejudice.

1

**Discussion**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "reflects 'a liberal federal policy favoring arbitration.'" Torres v. Simpatico, Inc., 781 F.3d 963, 968 (8th Cir. 2015) (quoting AT & T Mobility LLC v. Concepcion, 553 U.S. 333, 339 (2011)). "[T]he FAA limits a district court's initial role in any challenge to an arbitration agreement to deciding whether 'the making of the agreement for arbitration or the failure to comply therewith' is at issue." MedCam, Inc. v. MCNC, 414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4). The United States Court of Appeals for the Eighth Circuit has refined this inquiry, requiring me to ask "1) whether the agreement for arbitration was validly made and 2) whether the arbitration agreement applies to the dispute at hand, i.e., whether the dispute falls within the scope of the arbitration agreement." Id.; see also Torres, 781 F.3d at 968–69. An arbitration agreement's scope is interpreted liberally, with any doubts resolved in favor of arbitration. MedCam, 414 F.3d at 975. A district court should compel arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id. (internal quotations omitted).

**The Validity of the Agreement**

First, I must ask whether the arbitration agreement was validly made—an inquiry governed by state contract law. Shockley v. PrimeLending, 929 F.3d 1012,

1017 (8th Cir. 2019); see also Robinson v. Title Lenders, Inc., 364 S.W.3d 505, 515 (Mo. 2012). "If a valid and enforceable arbitration agreement exists under state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration." Torres, 781 F.3d at 968 (citing Faber v. Menard, 367 F.3d 1048, 1052 (8th Cir. 2004)). The Agreement contains a choice-of-law provision stating that Texas law shall apply. Yet I must consider Missouri law to determine whether or not the Agreement is valid because this is where Frazier worked for GC Services.

Parties can choose to include a delegation provision —"an agreement to arbitrate threshold issues concerning the arbitration agreement"—in their contract. Soars v. Easter Seals Midwest, 563 S.W.3d 111, 114 (Mo. 2018) (quoting Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68 (2010)). These threshold issues "may include determining the validity of the arbitration agreement itself." Shockley, 929 F.3d at 1018 (citing Rent-A-Center, 561 U.S. at 69). "A delegation provision is an additional, severable agreement to arbitrate threshold issues that is valid and enforceable unless a specific challenge is levied against the delegation provision." State ex rel. Pinkerton v. Fahnestock, 531 S.W.3d 36, 50 (Mo. 2017).

Missouri law requires (1) offer, (2) acceptance, and (3) consideration to form a valid and enforceable contract. See Baker v. Bristol Care, Inc., 450 S.W.3d 770, 774 (Mo. 2014). An offer is made when the person receiving the offer would

3

"reasonably believe that an offer has been made." Jackson v. Higher Educ. Loan Auth., 497 S.W.3d 283, 288 (Mo. Ct. App. 2016) (internal quotation omitted).  A valid offer includes the ability to accept through some affirmative words or action. Id. at 289.  Acceptance occurs when the person receiving the offer assents to the offer in a "positive and unambiguous" manner.  Katz v. Anheuser-Busch, Inc., 347 S.W.3d 533, 545 (Mo. Ct. App. 2011).  Finally, consideration involves "a promise to do something or refrain from doing something, or the transfer of something of value to the other party."  Shockley, 929 F.3d at 1017–18 (citing Baker, 450 S.W.3d at 774).

In this case, it is clear that there is offer, acceptance, and consideration. Frazier signed the Agreement.  Trenda Loucks, GC Services' Assistant Vice President of Human Resources, signed the Agreement on behalf of GC Services.[1] In signing the Agreement, both Frazier and GC Services promised to resolve any work-related disputes between them through arbitration in consideration of both parties waiving any right to pursue their claims in court.  A mutual promise between an employee and an employer to arbitrate employment disputes is valid consideration to create an enforceable bilateral contract.  Jimenez v. Cintas Corp.,

---

[1] Frazier takes issue with Loucks' handwriting, arguing that her title appears to be "AUP of HR, a term that is not generally understood by people outside of Defendant's organization." (Doc. #14 at 2). However, Loucks' declaration makes clear that her position was "AVP of HR" (Assistant Vice President of Human Resources) at the time the agreement was signed. (Doc. #17-1).

4

475 S.W.3d 679, 685–86 (Mo. Ct. App. 2015). Because the Agreement contains a mutual promise to arbitrate, it is a valid contract.

Frazier's only argument is that GC Services did not accept the contract because GC Services does not prove that Loucks had authority to bind GC Services to the Agreement. This argument fails. In Missouri, a principal is responsible for the agreements of its agent who acts with authority—either actual authority (which can be express or implied) or apparent authority. Pitman Place Dev., LLC v. Howard Invs., LLC, 330 S.W.3d 519, 527 (Mo. Ct. App. 2010). Actual authority is created by a principal's manifestations to its agent; in particular, "[e]xpress authority is created when the principal explicitly tells the agent what to do." United Missouri Bank, N.A. v. Beard, 877 S.W.2d 237, 241 (Mo. Ct. App. 1994).

Loucks had actual express authority to bind GC Services. (See Doc. #8-1; Doc. # 17-1). According to Loucks' sworn declaration, GC Services expressly gave her authority to enter into arbitration agreements on behalf of the company. Loucks says that a Senior Vice President for GC Services "told me that I should sign these agreements on behalf of GC Services, and that it would be a part of my job duties to do so." (Doc. #17-1 at ¶ 6). This clear instruction creates actual authority in Loucks to bind GC Services. Thus, I find the Agreement's delegation provision to be a validly made contract.

**The Scope of the Agreement**

Second, I must ask whether the arbitration agreement applies to the dispute at hand. In relevant part, the Agreement states:

> 1. **All Disputes Must be Arbitrated.** It is the intent of the parties hereto that all legally cognizable disputes between them that cannot be resolved to the parties' satisfaction through use of the Company's personnel policies[] must be resolved by final and binding arbitration. <u>Claims subject to arbitration include</u> all legally cognizable claims in the broadest context and include, but are not limited to, <u>any dispute about the interpretation, applicability, validity, existence, enforcement, or extent of arbitrability</u> of or under this Agreement, and any claim arising under any federal, state, or local statute . . . includ[ing] . . . any claim of employment discrimination in any alleged form. . . . The parties jointly agree neither may file any lawsuit to resolve any dispute between them[,] but Individual may file a complaint with any federal, state, or other governmental administrative agency, regarding any perceived infringement of any legally protected rights.

(Doc. #8, Ex. A-1, at § 1 (emphasis added)). Moreover, the parties explicitly adopted the Judicial Arbitration and Mediation Service ("JAMS") Employment Arbitration Rules & Procedures. These procedures demand that threshold questions of arbitrability "shall be resolved exclusively by final and binding arbitration administered by JAMS." (Id. at § 2). Thus, this dispute falls within the scope of the arbitration agreement.[2]

**Dismiss or Stay**

---

[2] Even if the validity of the arbitration agreement was not a question for the arbitrator, the Agreement makes clear that "any claim of employment discrimination in any alleged form" should be sent to arbitration.

6

GC Services asks me to dismiss the action after compelling arbitration—or, alternatively, to enter a stay.[3] The FAA states that a federal district court, after referring an issue to arbitration, "shall on application of one of the parties stay the trial of the action . . . ." 9 U.S.C. § 3. Thus, "[t]he FAA generally requires a federal court to stay an action pending an arbitration, rather than to dismiss it." Green v. SuperShuttle Intern., 653 F.3d 766, 769 (8th Cir. 2011). However, "district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." Id. at 769–70. Once it is determined that the entire action is arbitrable, there is no "trial of the action" to stay. Since it is clear that all issues are arbitrable here, I will dismiss Frazier's claims without prejudice. See Iappini v. Silverleaf Resorts, Inc., 116 F. Supp. 3d 932, 943 (E.D. Mo. 2015) ("[W]here all the claims against all parties are subject to arbitration, dismissal of the action is proper.") (citing Stifel, Nicolaus & Co. v. Freeman, 924 F.2d 157, 158 (8th Cir. 1991)) .

Accordingly,

**IT IS HEREBY ORDERED** Defendant GC Services' motion to compel arbitration [7] is **GRANTED,** and plaintiff must submit her claims to arbitration.

---

[3] Frazier does not address whether a stay or a dismissal is proper.

**IT IS FURTHER ORDERED** that Plaintiff Frazier's claims will be dismissed without prejudice.

A separate Order of Dismissal is entered this same date.

                                                /s/ Rodney W. Sippel
                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 14th day of November, 2019.